**NOT FOR PUBLICATION**

**FILED**
JAMES J. WALDRON, CLERK

**MARCH 19, 2007**

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY:  s/ Ronnie Plasner, DEPUTY

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re:<br><br>**NJ AFFORDABLE HOMES CORP.**,<br><br>                    Debtor. | Case No.:    05-60442 (DHS)<br><br>Adv. No.:    06-02115 (DHS)<br><br>Judge:    Donald H. Steckroth, U.S.B.J |
| **CHARLES M. FORMAN, as Chapter 7 Trustee for NJ AFFORDABLE HOMES CORP.**,<br><br>                    Plaintiff,<br><br>v.<br><br>**GEORGE J. OTLOWSKI, JR., ESQ., ANTHONY F. NATALE, ESQ., and MITCHELL E. FISHMAN, ESQ.**,<br><br>                    Defendants. | |

**OPINION**

**APPEARANCES:**

Stavis & Kornfeld, LLP
Randy M. Kornfeld, Esq.
260 Madison Avenue, 22nd Floor
New York, New York 10016
*Co-Counsel for Defendant George J. Otlowski, Jr., Esq.*

Kenneth M. Grossman, Esq.
190 Moore Street, Suite 430
Hackensack, New Jersey 07601
*Co-Counsel for Defendant George J. Otlowski, Jr., Esq.*

McElroy, Deutsch, Mulvaney & Carpenter, LLP
Jeffrey Bernstein, Esq.
Charles A. Stanziale, Jr., Esq.
William A. Cambria, Esq.
Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
*Counsel for Defendant Mitchell E. Fishman, Esq.*

Forman, Holt & Eliades, LLC
Harry M. Gutfleish, Esq.
218 Route 17 North
Rochelle Park, New Jersey 07662
*Counsel for Charles M. Forman, as Chapter 7*
*Trustee for NJ Affordable Homes Corp.*

**THE HONORABLE DONALD H. STECKROTH, BANKRUPTCY JUDGE**

Presently before this Court is a motion filed by defendant George J. Otlowski, Jr., Esq., to stay an adversary proceeding pending the outcome of criminal proceedings. Defendant Mitchell E. Fishman, Esq., filed a notice of joinder to the motion. Plaintiff, Charles M. Forman, as Chapter 7 Trustee for NJ Affordable Homes Corp. (hereinafter "Trustee" and "Debtor" respectively), filed opposition to the motion for a stay of the adversary proceeding and to the notice of joinder. Mr. Otlowski subsequently filed a reply to the Trustee's opposition. For the reasons that follow, the motion for a stay pending the outcome of criminal proceedings is denied.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(F), (H), and (O). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

**Statement of Facts and Procedural History**

On July 14, 2006, the Trustee commenced an adversary proceeding against George J. Otlowski, Jr., Esq., Anthony F. Natale, Esq., and Mitchell E. Fishman, Esq. (hereinafter "Defendants"). The adversary complaint alleges and describes a global Ponzi scheme to defraud real estate investors, spearheaded by the Debtor and its principal Wayne Puff. All the Defendants are attorneys licensed in the State of New Jersey and maintain principal offices therein. Allegedly, the Defendants were "retained to represent the Debtor in the acquisition and sale of hundreds of parcels of real estate and to represent the Debtor in other matters." (*Complaint*, pp. 64, 66, 68). In addition, the Trustee's complaint alleges that the Defendants knew of or participated in the Debtor's scheme,

or both. Generally, the adversary complaint seeks compensatory damages, punitive damages, and an accounting based upon allegations of: (i) legal malpractice, (ii) negligence, (iii) intentional fraudulent transfers, (iv) constructive fraudulent transfers, (v) preferential transfers, and (vi) deepening insolvency.

The adversary complaint contains multiple permutations of one general and uncontroverted claim: "that the Debtor and Puff took in millions of dollars from properties worth far less than their appraised values through various schemes involving falsified appraisals and the commingling of funds for [Wayne] Puff's personal benefit." (*Certification of Randy M. Kornfeld, Esq., in Support of Defendant George J. Otlowski, Jr., Esq.'s, Motion for a Stay Pending the Outcome of Criminal Proceedings*, p. 3) (hereinafter "*Cert. of Randy M. Kornfeld, Esq.*").

There is a pending criminal investigation in the United States District Court for the District of New Jersey regarding the scheme set forth in the adversary complaint. (*Id.* at 4.) Allegedly, the investigation also seeks to uncover the Defendants' knowledge or participation as to that scheme. (*Id.*). Purportedly, "the federal investigation concerns the precise allegations contained in the complaint." (*Id.*). On or about March 3, 2006, the United States Attorney's Office for the District of New Jersey subpoenaed approximately one-hundred (100) boxes of real estate transaction files in connection with the Ponzi scheme at issue from Mr. Otlowski, of which sixty-five (65) or more boxes have allegedly been produced. (*Id.*). Defendant Otlowski has appeared at several meetings with the United States Attorney's Office and has not yet asserted his Fifth Amendment privilege against self-incrimination. (*Id.*). Defendant Otlowski also retained criminal counsel who allegedly spoke candidly with the United States Attorney's Office and was informed that a criminal indictment against Mr. Otlowski is imminent. (*Id.*)

Accordingly, Defendant Otlowski asks this Court to stay the instant adversary proceeding, pursuant to its discretionary power, pending the resolution of the United States Attorney's investigation and possible prosecution. (*Id.*). Mr. Otlowski asserts that a stay should issue due to the similarity of allegations to be presented in this adversary proceeding and the forthcoming criminal proceeding, in order to preclude any potential interference with the United States Attorney's investigation as well as trial strategy, and because the stay would impose no prejudice upon the Trustee. (*Id*. at 4-6).

In argument, Defendant Otlowski notes that the continuation of this proceeding poses a catch-twenty-two with regard to his Fifth Amendment privilege. (*Id.* at 6-7). In asserting his Fifth Amendment privilege, he would fail to dispute the Trustee's allegations and permit a negative inference from his silence. On the other hand, waiving his Fifth Amendment privilege leaves him vulnerable in defending the "upcoming" criminal indictment. Moreover, Mr. Otlowski asserts that potential witnesses in this proceeding would also invoke their Fifth Amendment privilege, leaving him unable to mount a defense. By way of example, Mr. Otlowski asserts that his former paralegal, Kara Kufka, has already stated that she would assert her Fifth Amendment privilege. (*Id.* at 7).

In opposition, the Trustee argues first that Mr. Otlowski has already waived his privilege against self-incrimination by seeking affirmative relief in the complaint brought by the Securities and Exchange Commission against the Debtor and Wayne Puff in the United States District Court for the District of New Jersey, Civ. No. 05-4403. (*Trustee's Memorandum of Law in Opposition to the Motion for Stay of Litigation Pending Outcome of Criminal Proceedings*, pp. 3-4) (hereinafter "*Trustee's Memorandum*"). In Mr. Otlowski's previous motion for release of funds from his frozen

attorney trust account, he stated the following in his affidavit to the District Court without invocation of his Fifth Amendment privilege.

> From time to time since the early 1990s, I have represented NJ Affordable Homes Corp. and/or Wayne Puff only in the limited context of acting as a closing attorney on the purchase and/or sale of residential properties in New Jersey, and by participating in communications with sellers and/or purchasers ancillary to those real estate transactions.

(*Affidavit of George J. Otlowski, Jr., in Support of his Motion Requesting an Order Releasing Monies from the Trust Account of George J. Otlowski, Jr., Esq., in Securities and Exchange Commission v. NJ Affordable Homes Corp. and Wayne Puff*, p. 2, *Trustee's Memorandum*, Exhibit A). Notably, the affidavit is dated April 13, 2006, approximately forty (40) days after Mr. Otlowski was subpoenaed to provide documents relating to the real estate closings at issue to the United States Attorney. (*Cert. of Randy M. Kornfeld, Esq.*, Exhibit B).

The Trustee next argues variations of the same conclusion, namely that Mr. Otlowski has not met his burden to impose a stay on the adversary proceedings. First, the Trustee asserts that Mr. Otlowski has not been indicted and that because of the decreased risk of self-incrimination, pre-indictment stay requests are generally denied. (*Trustee's Memorandum*, p. 4). Second, the Trustee argues that there is no prejudice to the alleged ongoing criminal investigation as the United States Attorney has neither sought to participate in the Trustee's adversary proceeding, nor "confirmed the existence of a parallel investigation or imminent indictment. . . ." (*Id.*). Third, the Trustee argues that other Defendants have answered the adversary complaint and are prepared to move forward with discovery. (*Id.* at 5). As such, it is argued that issuing a stay as to certain Defendants would jeopardize the Trustee's ability to seek redress from remaining Defendants.

Defendant Fishman filed a notice to "join in the motion of Defendant, George J. Otlowski, Jr., Esq., for a stay pending the outcome of related criminal proceedings and asks that he be granted the same relief, particularly, since the stay against Otlowski will implicate Fishman's ability to proceed with respect to his pending cross-claim or in any other manner that may be necessary to advance his defense." (*Notice of Joinder of Mitchell E. Fishman, Esq.*).

In opposition, the Trustee argues that neither the Federal nor Local Rules of Bankruptcy Procedure permit the affirmative relief Mr. Fishman seeks without independently moving before the Court. As such, the Trustee objects to Mr. Fishman's "Notice of Joinder." (*Trustee's Opposition to Mitchell E. Fishman, Esq.'s, Notice of Joinder*, pp. 1-2). In addition, the Trustee argues that Mr. Fishman's position is substantively deficient for the reasons set forth in the Trustee's opposition brief, which he incorporates by reference. (*Id.* at 2).

The Court points out that Mr. Fishman's "Notice of Joinder" sets forth neither evidence nor substance of a pre-existing, continuous, or pending criminal investigation, or indictment against him with regard to his representation of the Debtor. Therefore, Mr. Fishman's request for a stay appears to be based solely upon the prejudice he would incur as a result of a stay of this adversary proceeding in favor of Mr. Otlowski.

**Discussion**

As a preliminary matter, this Court must determine the status of Mr. Fishman's "Notice of Joinder." Mr. Fishman "asks that he be granted the same relief" as Mr. Otlowski. (*Notice of Joinder of Mitchell E. Fishman, Esq.*). "An application to the Court for an order requiring notice and opportunity for hearing shall be by motion." D.N.J. LBR 9013-1(a). "In a contested matter not

otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." FED. R. BANKR. P. 9014(a).

Here, Mr. Fishman falls short of the procedural requirements for affirmative relief. He failed to move before this Court, as required when seeking relief not expressly authorized by the Federal Rules of Bankruptcy Procedure. In addition, he did not state with particularity the grounds upon which his request is based. Instead, he merely alleged that "the stay against Otlowski will implicate Fishman's ability to proceed with respect to his pending cross-claim or in any other manner that may be necessary to advance his defense." (*Notice of Joinder of Mitchell E. Fishman, Esq.*). Mr. Fishman specifically fails to identify how any of his claims or defenses will be affected, and fails to cite any legal support for the relief he seeks. As such, Mr. Fishman's request is denied.

Next, the Court must consider the Trustee's argument that Mr. Otlowski waived his Fifth Amendment privilege by seeking affirmative relief in the District Court action brought by the Securities and Exchange Commission.

> To be considered potentially self-incriminating, the testimony need not itself constitute an admission of guilt or establish an element of a criminal offense. It is enough that the information might prove useful to a prosecutor, that it might provide a 'link in a chain of evidence' leading to a conclusion of guilt. *U.S. v. Hubbell*, 530 U.S. 27, 37-38 (2000); *Hoffman v. U.S.*, 341 U.S. 479, 486 (1951) .

3 COLLIER ON BANKRUPTCY ¶ 344.03[1] (Alan N. Resnick & Henry J. Sommer eds.,15th ed. rev.). When a previous disclosure by a witness does not amount to an admission of guilt, a witness is not deprived of their Fifth Amendment privilege. *McCarthy v. Arndstein*, 262 U.S. 355, 358 (1923) (citing *see Brown v. Walker*, 161 U.S. 591, 597 (1896) (other citations omitted)).

In the District Court, Mr. Otlowski sought release of funds from his frozen attorney trust account, on behalf of his clients and his firm, for real estate transactions allegedly unrelated to those in which he represented the Debtor. (*Reply Certification of Randy M. Kornfeld, Esq., in Support of Defendant George J. Otlowski, Esq.'s, Motion for a Stay Pending the Outcome of Criminal Proceedings*, p. 2). In his affidavit to the District Court, he stated that since the early 1990s he had represented the Debtor in the limited role of real estate closings and participated in communications ancillary to those transactions. However, Mr. Otlowski did not describe any fraudulent actions or his knowledge of the same. In addition, there is no evidence before this Court that each and every closing entered into by the Debtor during the relevant time period was part of the alleged Ponzi scheme.

Therefore, this Court finds that the acknowledgment made in the District Court by Mr. Otlowski did not constitute a waiver of his privilege, because it provides no link in the evidence useful to a prosecutor to prove guilt. "To conclude otherwise would be to violate [the United States Supreme Court's] oft-repeated admonition that the courts must 'indulge every reasonable presumption against waiver of fundamental constitutional rights.'" *Emspak v. U.S.*, 349 U.S. 190, 198 n.17 (1955) (citing *see also, e.g., Smith v. U.S.*, 337 U.S. 137, 150 (1949) (other citations omitted)).

The Court then turns to the question whether a stay should issue in favor of Mr. Otlowski. This Court is in agreement with the parties that *Walsh* is the seminal case on this issue in the District of New Jersey. *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523 (D.N.J. 1998) (hereinafter "*Walsh*"). Clearly, "[a] court has discretion to stay a case if the interests of justice require it." *Id.* at 526 (citing *U.S. v. Kordel*, 397 U.S. 1, 12 n.27 (1970) (citing many cases)).

However, the stay of a civil proceeding is an extraordinary remedy. *Id.* (citing *Weil v. Markowitz*, 829 F.2d 166, 174-75 n.17 (D.C. Cir. 1987) ("A total stay of civil discovery pending the outcome of related criminal matters is an extraordinary remedy appropriate for extraordinary circumstances.") (internal citations omitted)).

Factors a court should consider in deciding whether a stay should issue include:

> (1) the extent to which the issues in the criminal and civil cases overlap; (2) the status of the case, including whether the defendants have been indicted; (3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; (4) the private interests of and burden on defendants; (5) the interests of the court; and (6) the public interest. *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995).

*Walsh*, 7 F. Supp. 2d at 526-27.

Here, it is undisputed that the criminal investigation and adversary proceeding against Mr. Otlowski are substantially similar. Allegedly, both address his representation of the Debtor in relevant real estate closings. The subpoena served upon Mr. Otlowski confirms as much in requesting any documents, from the period of January 1, 1992 to March 3, 2006, relating to purchases or sales of real property, money transfers involving the Debtor or its investors, and lawsuits brought against the Debtor. (*Cert. of Randy M. Kornfeld, Esq.*, Exhibit B). This factor weighs in favor of a stay.

The stage of the parallel criminal proceeding can weigh heavily in a court's determination of whether to issue a stay of civil proceedings.

> The strongest case for a stay of discovery in the civil case occurs during a criminal prosecution after an indictment is returned. The potential for self-incrimination is greatest during this stage, and the potential harm to civil litigants arising from delaying them is reduced

10

>   due to the promise of a fairly quick resolution of the criminal case under the Speedy Trial Act.

*Walsh*, 7 F. Supp. 2d at 527 (quoting Hon. Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 203 (1990) (survey of cases explaining how participation in civil actions may affect positioning in parallel criminal proceedings) (hereinafter "*Parallel Proceedings*")).

>   On the other hand, because there is less risk of self-incrimination, and more uncertainty about the effect of a delay on the civil case, pre-indictment requests for a stay are generally denied. *U.S. v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 811 F. Supp. 802, 805 (E.D.N.Y. 1992).
>
>   However, each case must be evaluated individually. *Volmar Distribs., Inc. v. The N.Y. Post Co., Inc.*, 152 F.R.D. 36, 38 (S.D.N.Y. 1993). It is 'still possible' to obtain a stay, even though an indictment or information has not yet been returned, if the Government is conducting an active parallel criminal investigation. *Parallel Proceedings*, 129 F.R.D. at 204.

*Walsh*, 7 F. Supp. 2d at 527.

Mr. Otlowski places great reliance on the parallel proceedings in *Walsh* for his assertion that a stay should issue here. As in *Walsh*, no indictment has been returned here.[1] In addition, Mr. Otlowski has allegedly been informed that he is a target of the ongoing criminal investigation. However, the similarities with *Walsh* end there. Mr. Otlowski presents the Court with a subpoena for documents issued over one year ago. In response, he produced sixty-five (65) boxes of documents. Nevertheless, the United States Attorney has not yet returned any indictment against him. Also unlike *Walsh*, the United States Attorney is not before this Court to confirm, at oral argument or by way of a sealed, in camera affidavit, the status of the investigation against Mr.

---

[1] The Court has not been made aware that an indictment has been returned since the time of oral argument.

11

Otlowski or even that it is ongoing or active, or both. This factor weighs against the issuance of a stay *sub judice*. *Id.*

The Trustee would suffer great prejudice due to his roles as Plaintiff here and as fiduciary for the bankruptcy estate. The Trustee's adversary complaint is brought on behalf of at least four hundred ninety (490) defrauded investors. The alleged fraudulent scheme is not one that is routine in nature. It stems from the alleged implosion of a Ponzi scheme involving three hundred ninety (390) real properties for which approximately four hundred (400) adversary complaints have been filed by the Trustee to date. The Trustee has alleged that the majority of the closings and the negotiations leading up to them were handled by only a few attorneys, including the Defendants. Staying this adversary proceeding would be tantamount to limiting discovery in many other adversary proceedings. Therefore, the prejudice to the Trustee, in his global efforts to resolve this bankruptcy case and in the instant adversary proceeding, weighs against staying this civil proceeding.

This Court disagrees with Mr. Otlowski that the current choice of whether to assert his Fifth Amendment privilege places a great burden upon him. As noted in *Walsh*, requests for a stay pre-indictment are generally denied, specifically due to the indefinite delay on civil proceedings and the decreased risk of self-incrimination. *Id.* At 527.

The interest of judicial efficiency, comprised of the swift, facile, and just resolution of matters placed before the Court, is always close at hand. Certainly, judicial efficiency plays a large role in this global proceeding. Many of those who invested in the Debtor were defrauded for amounts that equate to nearly all of their life savings, some in the millions of dollars. As such, many of them are devastated, enduring drastic changes in their quality of life to make ends meet. Many

are unable to hire counsel to represent them in these adversary proceedings. Therefore, this Court must keep their interests at the forefront and has repeatedly urged a resolution of the global proceeding.

Lastly, the Court considers the interest of the public at large. Here, it is in the interest of the public to be protected from massive fraudulent schemes. The adversary complaint alleges just that. Simply stated, the public interest weighs against a stay here.

**Conclusion**

For the reasons set forth above, both Mr. Otlowski's motion for a stay pending the outcome of criminal proceedings and Mr. Fishman's notice of joinder are denied without prejudice. An Order in conformance with this Opinion has been entered by the Court and a copy is attached hereto.

/s/ *Donald H. Steckroth*
_____
DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Dated: March 19, 2007